**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of **Delaware**
                              (State)

Case number (*If known*): _____  Chapter **11**

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/16

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | |
|---|---|
| 1. **Debtor's name** | Midwest Coast Logistics, LLC |

| | |
|---|---|
| 2. **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |

| | |
|---|---|
| 3. **Debtor's federal Employer Identification Number** (EIN) | 2 0 – 3 2 6 7 4 1 1 |

4. **Debtor's address**

**Principal place of business**

502  East Bridgers Avenue
Number  Street

Auburndale       FL    33823
City             State  ZIP Code

USA
County

**Mailing address, if different from principal place of business**

8800   Baymeadows West Way
Number  Street

Suite 200
P.O. Box

Jacksonville      FL    32256
City              State  ZIP Code

**Location of principal assets, if different from principal place of business**

_____
Number  Street

_____
City             State  ZIP Code

5. **Debtor's website** (URL)   https://comcar.com

6. **Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding  LLP)
☐ Other. Specify: _____

Debtor   **Midwest Coast Logistics, LLC**
Name

Case number (if known) _____

| | |
|---|---|
| **7. Describe debtor's business** | **A.** *Check one:* |

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

**B.** *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

**C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes .

    4   8   4   1

| | |
|---|---|
| **8. Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply*:

  ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ A plan is being filed with this petition.

  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

| | |
|---|---|
| **9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**<br><br>If more than 2 cases, attach a separate list. | ☑ No<br><br>☐ Yes.  District _____ When _____ Case number _____<br>                                MM / DD / YYYY<br><br>        District _____ When _____ Case number _____<br>                                MM / DD / YYYY |

| | |
|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br><br>List all cases. If more than 1, attach a separate list. | ☐ No<br><br>☑ Yes.  Debtor   See Annex 1                    Relationship _____<br><br>        District _____   When _____<br>                                              MM  /  DD  / YYYY<br><br>        Case number, if known _____ |

Debtor    **Midwest Coast Logistics, LLC**
_____
Name

Case number (*if known*)_____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

Where is the property?_____

Number        Street

_____

_____
City                                    State        ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

| ██ | **Statistical and administrative information** |

---

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

**15. Estimated assets**

☑ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

| Debtor | Midwest Coast Logistics, LLC | Case number (if known) |
|---|---|---|
| | Name | |

| 16. **Estimated liabilities** | ☑ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** --  Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. **Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- I have been authorized to file this petition on behalf of the debtor.

- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05/17/2020
            MM  / DD / YYYY

✖ /s/ Andrew Hinkelman                          Andrew Hinkelman
Signature of authorized representative of debtor    Printed name

Title  Chief Restructuring Officer

18. **Signature of attorney**

✖ /s/ Stuart M. Brown                    Date  05/17/2020
Signature of attorney for debtor                MM   / DD / YYYY

Stuart M. Brown
Printed name
DLA Piper LLP (US)
Firm name
1202      North Market Street, Suite 2100
Number      Street
Wilmington                          DE        19801
City                                State     ZIP Code
(302) 468-5640                      stuart.brown@us.dlapiper.com
Contact phone                       Email address

4050                                DE
Bar number                          State

## ANNEX 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a voluntary petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of their cases, with the lead case number assigned to the chapter 11 case of Comcar Industries, Inc.

| |
|---|
| Comcar Industries, Inc. |
| Comcar Properties, Inc. |
| CCC Spotting, LLC |
| CCC Transportation, LLC |
| Coastal Transport, Inc. |
| Coastal Transport Logistics, LLC |
| Commercial Carrier Corporation |
| Commercial Carrier Logistics, LLC |
| Commercial Truck and Trailer Sales Inc. |
| CT Transportation, LLC |
| CTL Distribution, Inc. |
| CTL Distribution Logistics, LLC |
| CTL Transportation, LLC |
| CTTS Leasing, LLC |
| Fleet Maintenance Services, LLC |
| MCT Transportation, LLC |
| Midwest Coast Logistics, LLC |
| Midwest Coast Transport, Inc. |
| 9th Place Newberry, LLC |
| 16th Street Pompano Beach, LLC |
| Charlotte Avenue Auburndale, LLC |
| Comcar Logistics, LLC |
| Cortez Blvd. Brooksville, LLC |
| Detsco Terminals, Inc. |
| Driver Services, Inc. |
| East Broadway Tampa, LLC |
| East Columbus Drive Tampa, LLC |
| New Kings Road Jacksonville, LLC |
| Old Winter Haven Road Auburndale, LLC |
| W. Airport Blvd. Sanford, LLC |
| Willis Shaw Logistics, LLC |
| WSE Transportation, LLC |

**ACTION BY UNANIMOUS WRITTEN CONSENT OF THE
MEMBERS OF THE RESTRUCTURING COMMITTEE OF
THE BOARD OF DIRECTORS
OF EACH OF
COASTAL TRANSPORT, INC.,
COMCAR INDUSTRIES, INC.,
COMCAR PROPERTIES, INC.,
COMMERCIAL CARRIER CORPORATION,
COMMERCIAL TRUCK & TRAILER SALES, INC.,
CTL DISTRIBUTION INC.,
DETSCO TERMINALS, INC.,
DRIVER SERVICES, INC.,
MIDWEST COAST TRANSPORT, INC.
AND
THE SOLE MANAGER
OF EACH OF
COMCAR LOGISTICS, LLC,
WSE TRANSPORTATION, LLC,
16TH STREET POMPANO BEACH, LLC,
9TH PLACE NEWBERRY, LLC,
CCC SPOTTING, LLC,
CCC TRANSPORTATION, LLC,
CHARLOTTE AVENUE AUBURNDALE, LLC,
COASTAL TRANSPORT LOGISTICS, LLC,
COMMERCIAL CARRIER LOGISTICS, LLC,
CORTEZ BOULEVARD BROOKSVILLE, LLC,
CT TRANSPORTATION, LLC,
CTL DISTRIBUTION LOGISTICS, LLC,
CTL TRANSPORTATION, LLC,
CTTS LEASING, LLC,
EAST BROADWAY TAMPA, LLC,
EAST COLUMBUS DRIVE TAMPA, LLC,
FLEET MAINTENANCE SERVICES, LLC,
MCT TRANSPORTATION, LLC,
MIDWEST COAST LOGISTICS, LLC,
NEW KINGS ROAD JACKSONVILLE, LLC,
OLD WINTER HAVEN ROAD AUBURNDALE, LLC, AND
W. AIRPORT BLVD. SANFORD, LLC
WILLIS SHAW LOGISTICS, LLC**

Dated: May 17, 2020

The undersigned, being all of the members (collectively, the "Members") of the restructuring committee (the "Restructuring Committee") of (i) the Board of Directors (the "Board") of each of Coastal Transport, Inc., a Georgia corporation ("CT"), Comcar Industries, Inc., a Florida corporation ("CI"), Comcar Properties, Inc., a Florida corporation ("CP"), Commercial Carrier Corporation, a Florida corporation ("CCC"), Commercial Truck & Trailer Sales, Inc., a Florida corporation ("CTTS"), CTL Distribution Inc., a Florida corporation ("CTL Distribution"), Detsco Terminals, Inc., a Florida corporation ("Detsco"), Driver Services, Inc., a South Dakota corporation ("Driver Services"), and Midwest Coast Transport, Inc., a Florida corporation ("Midwest"), and (ii) the sole manager (the "Sole Manager") of each of Comcar Logistics, LLC, a Delaware limited liability company ("Comcar Logistics"), WSE

1

Transportation, LLC, a Delaware limited liability company ("WSE"), 9th Place Newberry, LLC, a Delaware limited liability company ("9th Place"), CCC Spotting, LLC, a Delaware limited liability company ("CCC Spotting"), CCC Transportation, LLC, a Delaware limited liability company ("CCC Transportation"), Charlotte Avenue Auburndale, LLC, a Delaware limited liability company ("CAA"), Coastal Transport Logistics, LLC, a Delaware limited liability company ("CTL"), Commercial Carrier Logistics, LLC, a Delaware limited liability company ("CCL"), Cortez Boulevard Brooksville, LLC, a Delaware limited liability company ("CBB"), CT Transportation, LLC, a Delaware limited liability company ("CTT"), CTL Distribution Logistics, LLC, a Delaware limited liability company ("CTL Distribution"), CTL Transportation, LLC, a Delaware limited liability company ("CTL Transportation"), CTTS Leasing, LLC, a Delaware limited liability company ("CTTS"), East Broadway Tampa, LLC, a Delaware limited liability company ("East Broadway"), East Columbus Drive Tampa, LLC, a Delaware limited liability company ("East Columbus"), Fleet Maintenance Services, LLC, a Delaware limited liability company ("FMS"), MCT Transportation, LLC, a Delaware limited liability company ("MCT"), Midwest Coast Logistics, LLC, a Delaware limited liability company ("Midwest"), New Kings Road Jacksonville, LLC, a Delaware limited liability company ("New Kings"), Old Winter Haven Road Auburndale, LLC, a Delaware limited liability company ("Old Winter"), 16th Street Pompano Beach, LLC, a Delaware limited liability company ("16th Street"), Willis Shaw Logistics, LLC, a Florida limited liability company ("Willis"), and W. Airport Blvd. Sanford, LLC, a Delaware limited liability company ("W. Airport" and, together with CT, CI, CP, CCC, CTTS, CTL Distribution, Detsco, Driver Services, Midwest, Comcar Logistics, WSE, 9th Place, CCC Spotting, CCC Transportation, CAA, CTL, CCL, CBB, CTT, CTL Distribution, CTL Transportation, CTTS, East Broadway, East Columbus, FMS, MCT, Midwest, New Kings, 16th Street and Old Winter, the "Companies" and each, a "Company"), acting by unanimous written consent (this "Consent") in accordance with the requirements of applicable law, do hereby adopt, consent, approve and ratify the following recitals and resolutions effective as of the date set forth above, in lieu of a meeting of the Restructuring Committee, and do hereby direct that this Consent be filed with the minutes of the proceedings of the Restructuring Committee:

## A.  Chapter 11 Filing

**WHEREAS**, on April 24, 2020, by unanimous action of the CI Board, the CI Board resolved to establish the Restructuring Committee (the "RC Enabling Resolutions") to exercise the CI Board's fiduciary duties with respect to the Restructuring Matters (as defined in the RC Enabling Resolutions) to the fullest extent permissible under applicable law;

**WHEREAS**, on May 15, 2020, by unanimous action of the Board or Sole Manager, as applicable, of each of the Companies resolved (the "Second RC Enabling Resolutions") to exercise their fiduciary duties with respect to the Possible Transaction (as defined in the Second RC Enabling Resolutions) to the fullest extent permissible under applicable law;

**WHEREAS**, the Members had the opportunity to consult with the Board and Sole Manager, as applicable, of each Company, each Company's management team and the financial and legal advisors of such Company and fully consider each of the strategic alternatives available to each of the Companies, including the Possible Transaction; and

**WHEREAS**, the Members have determined after consulting with each Company's financial and legal advisors, that it is in the best interests of such Company that each Company avail itself of the protections afforded by chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), by filing voluntary petitions to commence cases under chapter 11 of the Bankruptcy Code.

**NOW, THEREFORE, BE IT**

2

**RESOLVED**, that Tobias Keller, Andrew Hinkelman, or any authorized officer of each Company (each an "Authorized Person"), acting solely or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, to negotiate, execute, deliver, file with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and perform, in the name and on behalf of each Company (including, without limitation, in such Company's capacity as a shareholder, stockholder, director, manager, trustee and/or other similar capacity of another Company, entity or person), and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, purchase and sale agreements, assumption or assignment agreements, other transactional agreements and documents, applications, pleadings, papers, affidavits, declarations, orders and other documents in connection with the filing of a voluntary petition seeking relief under the Bankruptcy Code (collectively, the "Chapter 11 Filings"), with such changes therein and additions thereto as any such Authorized Person may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 11 Filings by any such Authorized Person with any changes thereto to be conclusive evidence that any such Authorized Person deemed such changes to meet such standard; and it is further

**RESOLVED**, that with respect to each Company, each Authorized Person, in each case, acting solely or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of such Company (including, without limitation, in such Company's capacity as a shareholder, stockholder, director, manager, trustee and/or other similar capacity of another Company, entity or person), to take and perform any and all further acts and deeds that such Authorized Person, in consultation with such Company's legal and financial advisors, deems necessary, appropriate, or desirable in connection with such Company's chapter 11 case (collectively, the "Chapter 11 Cases" and each, a "Chapter 11 Case") or the Chapter 11 Filings including, without limitation, (i) the payment of wages, salaries, fees, expenses and taxes such Authorized Person deems necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing and filing any and all additional plans, pleadings, documents, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, such Chapter 11 Case with a view to the successful prosecution of such Chapter 11 Case, with such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard; and it is further

## B. Retention of Advisors

**RESOLVED**, that with respect to each Company, each Authorized Person be, and they hereby are, authorized and directed to employ the law firm of DLA Piper LLP (US) ("DLA") as general bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any pleadings, and in connection therewith, each of the Authorized Persons, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of DLA; and it is further

**RESOLVED,** that with respect to each Company, each Authorized Person be, and they hereby are, authorized and directed to employ the firm of FTI Consulting, Inc. to perform the services of Chief Restructuring Officer (indirectly through the appointment of Andrew Hinkelman in such capacity) and as financial advisor (the "Financial Advisor"), to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, and in connection therewith, each of the Authorized Persons with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of the Financial Advisor; and it is further

RESOLVED, that with respect to each Company, each Authorized Person be, and they hereby are, authorized and directed to employ the firm of Bluejay Advisors, LLC as investment banker (the "Investment Banker"), to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, and in connection therewith, each of the Authorized Persons with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of the Investment Banker; and it is further

RESOLVED, that with respect to each Company, each Authorized Person be, and they hereby are, authorized and directed to employ the firm of Donlin Recano as notice, claims, and balloting agent and as administrative advisor (the "Claims Agent"), to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, and in connection therewith, each of the Authorized Persons, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Claims Agent; and it is further

## C. Debtor-in-Possession Financing

RESOLVED, that each Company, as debtor and debtor in possession under the Chapter 11 Cases shall be, and hereby is, authorized to: (a) undertake any and all transactions contemplated in each of the DIP Loan Documents (as defined below) to which such Company is a party, on substantially the terms and subject to the conditions as set forth in the DIP Loan Documents or as may hereafter be fixed or authorized by each of the Authorized Persons (and their designees and delegates), acting alone or with one or more other Authorized Persons, (b) borrow funds, provide guaranties, and undertake any and all related transactions contemplated thereby, (c) satisfy certain obligations with the proceeds thereof (collectively, the "Financing Transactions") with such Lenders (as defined below) and on such terms as may be approved by any one or more of the Authorized Persons, as reasonably necessary for the continuing conduct of the affairs of such Company, (d) execute and deliver and cause such Company to incur and perform its obligations under the DIP Loan Documents and Financing Transactions, (e) obtain entry of interim and final orders of the Bankruptcy Court approving the Financing Transaction and finalize the DIP Loan Documents and Financing Transactions, consistent in all material respects with those that previously presented to the Members, with such changes, additions, and modifications thereto as any such Authorized Person executing the same shall approve, such approval to be conclusively evidenced by such Authorized Person's execution and delivery thereof; and (f) pay related fees and grant security interests in and liens upon some, any or all of such Company's assets, as may be deemed necessary by any one or more of the Authorized Persons in connection with such Financing Transactions; and it is further

RESOLVED, that with respect to each Company, each of the Authorized Persons (and their designees and delegates), acting alone or with one or more other Authorized Persons be, and they hereby are, authorized, directed and empowered in the name of, and on behalf of, such Company (including, without limitation, in such Company's capacity as a shareholder, stockholder, director, manager, trustee and/or other similar capacity of another Company, entity or person), as debtor and debtor in possession, to take such actions and negotiate or cause to be prepared and negotiated and to execute, file, deliver and cause each Company to incur and perform its obligations under the Senior Secured Priming and Superpriority Debtor-in-Possession Credit Agreement (the "Credit Agreement"), by and among the Companies, each as a borrower, U.S. Bank National Association, as disbursing agent and collateral agent (in such capacities, the "DIP Agent"), and the lenders party thereto (the "Lenders"), the other Loan Documents (as defined in the Credit Agreement) and all other agreements, instruments and documents (including, without limitation, any and all other intercreditor agreement, joinders, mortgages, deeds of trust, consents, notes, pledge agreements, security agreements, control agreements, interest rate swaps, caps, collars or similar hedging

agreement and any agreements with any entity (including governmental authorities) requiring or receiving cash collateral, letters of credit or other credit support with proceeds from the DIP Loan Documents) or any amendments thereto or waivers thereunder (including, without limitation, any amendments, waivers or other modifications of any of the DIP Loan Documents) that may be contemplated by, or required in connection with, the DIP Loan Documents and the Financing Transactions (collectively, the "DIP Loan Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, as such Authorized Person shall in his or her judgment determine to be necessary or appropriate to consummate the transactions contemplated by the DIP Loan Documents, which determination shall be conclusively evidenced by his or her execution or delivery thereof; and it is further

RESOLVED, that the form, terms and provisions of the DIP Loan Documents be, and the same hereby are in all respects approved, and that with respect to each Company, any Authorized Persons are hereby authorized and empowered, in the name of and on behalf of such Company (including, without limitation, in such Company's capacity as a shareholder, stockholder, director, manager, trustee and/or other similar capacity of another Company, entity or person), to execute and deliver and to execute and file each of the DIP Loan Documents to which such Company is a party, each substantially in the form previously submitted to the Members, with such changes, additions and modifications thereto as the Authorized Persons of such Company executing the same shall approve, such approval to be conclusively evidenced by such Authorized Person's execution and delivery thereof; and it is further

RESOLVED, that with respect to each Company, each of the Authorized Persons be, and each of them hereby are, authorized and empowered to authorize the DIP Agent to file any UCC financing statements and any necessary assignments for security or other documents in the name of each Company (including, without limitation, in such Company's capacity as a shareholder, stockholder, director, manager, trustee and/or other similar capacity of another Company, entity or person) that the DIP Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP Loan Documents, including any such UCC financing statement containing a blanket, generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of such Company (including, without limitation, in such Company's capacity as a shareholder, stockholder, director, manager, trustee and/or other similar capacity of another Company, entity or person) and such other filings in respect of intellectual and other property of such Company, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent on behalf of itself and the other secured parties under the DIP Loan Documents; and it is further

RESOLVED, that with respect to each Company, each of the Authorized Persons be, and hereby are, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of any of the DIP Loan Documents or any revised budgets or any of the other DIP Loan Documents, and to execute and file on behalf of such Company (including, without limitation, in such Company's capacity as a shareholder, stockholder, director, manager, trustee and/or other similar capacity of another Company, entity or person) all petitions, schedules, lists and other motions, budgets, papers or documents, which shall in his or her sole judgment be necessary, proper or advisable, which determination shall be conclusively evidenced by his or her execution thereof; it is further

RESOLVED, that the capitalized terms used in the resolutions under the caption "Debtor-in-Possession Financing" and not otherwise defined herein shall have the meanings ascribed to such terms in the DIP Loan Documents; and it is further

## D.  Ratification

**RESOLVED**, that, to the fullest extent allowed by applicable law and to the extent of the authority granted to the Restructuring Committee, any and all past actions heretofore taken by any Authorized Persons, any member of the Board, the Sole Manager, or any Member, in the name and on behalf of such Company (including, without limitation, in such Company's capacity as a shareholder, stockholder, director, manager, trustee and/or other similar capacity of another Company, entity or person), in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects; and it is further

## E.  General Authorization

**RESOLVED**, that with respect to each Company, each of the Authorized Persons may act singularly and joint action of any of the others, and, to the fullest extent allowed by applicable law and to the extent of the authority granted to the Restructuring Committee, hereby is authorized, empowered, and directed, with full power of delegation, in the name and on behalf of such Company (including, without limitation, in such Company's capacity as a shareholder, stockholder, director, manager, trustee and/or other similar capacity of another Company, entity or person), to take, cause to be taken, or perform any and all further acts or deeds, including, without limitation, (i) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, applications, notes or certificates not now known but which may be required, (ii) the execution, delivery and filing (if applicable) of any of the foregoing, and (iii) the payment of all fees, consent payments, taxes, and other expenses as any such Authorized Person, in his or her sole discretion, may approve or deem necessary, appropriate, or desirable to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions, deliveries, filings, and payments to be conclusive evidence of such approval or that such Authorized Person deemed the same to meet such standard.

This Consent may be executed in one or more counterparts, and by the different parties hereto in separate counterparts, each of which when executed shall be deemed to be an original but all of which taken together shall constitute one and the same instrument. A signed copy of this Consent delivered by e-mail or other means of electronic transmission shall be deemed to have the same legal effect as delivery of an original signed copy.

*[Remainder of Page Intentionally Left Blank]*

6

**IN WITNESS WHEREOF**, the undersigned has executed this Consent as of the <u>17</u> day of May 2020.

By: _____
Name:  Andrew Hinkelman
Title:   Chief Restructuring Officer

By: _____
Name:  Tobias S. Keller
Title:   Director

**IN WITNESS WHEREOF**, the undersigned has executed this Consent as of the <u>17</u> day of May 2020.

By: _____
Name:  Andrew Hinkelman
Title:   Interim Chief Executive Officer and Chief
        Restructuring Officer

By: _____
Name:  Tobias S. Keller
Title:   Director

**Fill in this information to identify the case:**

Debtor name: <u>Comcar Industries, Inc., *et al.*</u>

United States Bankruptcy Court for the: <u>District of Delaware</u>
(State)

Case number (if known): _____

☐ Check if this is
an amended
filing

Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders, On a Consolidated Basis                                        12/15

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Hilda, Jorge and Claudio Montes c/o Passen & Powell One East Wacker Dr., Suite 1750 Chicago, IL 60601 | Matthew A. Passen, Esq. Phone: (312) 527-4500 Email: mpassen@passenpowell.com | Litigation | Contingent, Unliquidated, Disputed | | | $100,000,000.00 |
| 2 | Rachel Crust c/o Cuadra & Patel 296 S. Culver Street Lawrenceville, GA 30046 | Chirag Patel, Esq. Phone: (404) 373-6336 Email: chirag@cuadrapatel.com | Litigation | Contingent, Unliquidated, Disputed | | | $12,000,000.00 |
| 3 | Violene Ferdinand c/o The Berman Law Group Post Office Box 272789 Boca Raton, FL 33427 | Phone: (561) 826-5200 Fax: (561) 826-5201 | Litigation | Contingent, Unliquidated, Disputed | | | $4,000,000.00 |
| 4 | Mack Financial Services Post Office Box 7247-0236 Philadelphia, PA 19170-0236 | Phone: (317) 805-6700 Fax: (317) 805-6729 | Leases | Disputed | | | $ 2,201,784.02 |
| 5 | Navistar Leasing Company Post Office Box 98454 Chicago, IL 60693-8454 | Curt Kramer, General Counsel Phone: (800) 233-9121 Fax: (630) 753-7086 E-mail: curt.kramer@navistar.com | Leases | Disputed | | | $ 2,089,995.21 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially unsecured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6 | Michael Kifer 6105 King Road, E Double Oak, TX 75077 | Tim Bowden, Esq. Phone: (615) 859-1996 | Litigation | Contingent, Unliquidated, Disputed | | | $1,251,931.00 |
| 7 | Nextran Post Office Box 18027 Atlanta, GA 30316 | Jon R. Pritchett, President Phone: (678) 420-2373 Fax: (770) 427-8977 E-mail: jpritchett@nextrancorp.com | Trade | Disputed | | | $953,375.69 |
| 8 | Love's Travel Stops & Country Stores Post Office Box 26210 Oklahoma City, OK 73126 | Phone: (405) 751-9000 Fax: (405) 242-2642 E-mail: comments@loves.com | Trade | Disputed | | | $908,746.10 |
| 9 | Ronnie Delaneuiville 137 N.W. 18th Street Reserve, LA 70084 | Brandner Law Firm, LLC Vanessa Motta Phone: (504) 345-1111 | Litigation | Contingent, Unliquidated, Disputed | | | $800,000.00 |
| 10 | Francine Cotnoir c/o JMLaw P.A. 2411 North Oak Street Myrtle Beach, SC 29577 | Amish Jewtha, Esq. Phone: (843) 213-2693 Email: jethwa@jmlawpa.com | Litigation | Contingent, Unliquidated, Disputed | | | $750,000.00 |
| 11 | Gary Tillman c/o Payne Mitchell Law Group 3500 Maple Avenue, Suite 1250 Dallas, TX 75219 | Andrew L. Payne, Esq. Phone: (214) 252-1888 Fax: (214) 252-1889 Email: andy@paynemitchell.com | Litigation | Contingent, Unliquidated, Disputed | | | $650,000.00 |
| 12 | BankDirect Capital Finance Post Office Box 660448 Dallas, TX 75266-0448 | Phone: (877) 226-5496 Fax: (877) 226-5297 E-mail: info@bankdirectcapital.com | Insurance Premium Finance | Disputed | | | $646,620.90 |
| 13 | Betty Robinson c/o Ossi & Najem, P.A. 1506 Prudential Drive Jacksonville, FL 32207 | Phone: (904) 399-0606 Fax: (904) 398-8988 | Litigation | Contingent, Unliquidated, Disputed | | | $625,000.00 |
| 14 | E. Kreer c/o Alexander Law Group, PLC 6601 Irongate Square, Suite A Richmond, VA 23234 | Michael R. Krol, Esq. Alexander Law Group, PLC Phone: (804) 271-1969 Fax: (804) 271-0806 E-mail: michael@alexanderlawgroupplc.com | Litigation | Disputed | | | $500,000.00 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 15 Aurora Parts & Accessories Post Office Box 90399 Chicago, IL 60696 | Brad Fulkerson, President & CEO Phone: (844) 483-5600 | Trade | Disputed | | | $487,611.58 |
| 16 Tri-State Trailers Post Office Box 52587 Tulsa, OK 74152 | Phone: (918) 437-0010 Fax: (918) 438-7032 Email: cstonebarger@utilitytristate.com | Trade | Disputed | | | $360,000.00 |
| 17 Mary Rich c/o Isaacs & Isaacs, PSC 1601 Business Center Court Louisville, KY 40299 | Victoria Conway, Esq. Phone: (502) 458-1000 Fax: (502) 912-9067 Email: megan.oskins@isaacsandisaacs.com | Litigation | Contingent, Unliquidated, Disputed | | | $350,000.00 |
| 18 Wesley Whitmore c/o Gomez & Touger, P.A. 2310 North Armenia Avenue Tampa, FL 33607 | Phone: (813) 876-6622 Fax: (813) 876-4443 | Litigation | Contingent, Unliquidated, Disputed | | | $350,000.00 |
| 19 Resources Global Professionals Post Office Box 740909 Los Angeles, CA 90074-0909 | Kate Duchene, President & CEO Phone: (714) 430-6400 E-mail: corpinq@rgp.com | Professional Services | Disputed | | | $330,800.82 |
| 20 Greydis Delgado c/o Halpern Santos & Pinkert, P.A. 150 Alhambra Circle, Suite 1100 Coral Gables, FL 33134 | Jan D. Pinkert, Esq. Phone: (877) 529-6211 Fax: (305) 445-1169 | Litigation | Contingent, Unliquidated, Disputed | | | $250,000.00 |
| 21 Giuliana Delgado c/o Halpern Santos & Pinkert, P.A. 150 Alhambra Circle, Suite 1100 Coral Gables, FL 33134 | Jan D. Pinkert, Esq. Phone: (877) 529-6211 Fax: (305) 445-1169 | Litigation | Contingent, Unliquidated, Disputed | | | $250,000.00 |
| 22 Lizeth Delgado c/o Halpern Santos & Pinkert, P.A. 150 Alhambra Circle, Suite 1100 Coral Gables, FL 33134 | Jan D. Pinkert, Esq. Phone: (877) 529-6211 Fax: (305) 445-1169 | Litigation | Contingent, Unliquidated, Disputed | | | $250,000.00 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 23 Francisco Delgado c/o Halpern Santos & Pinkert, P.A. 150 Alhambra Circle, Suite 1100 Coral Gables, FL 33134 | Jan D. Pinkert, Esq. Phone: (877) 529-6211 Fax: (305) 445-1169 | Litigation | Contingent, Unliquidated, Disputed | | | $250,000.00 |
| 24 Bridgestone Americas Post Office Box 73418 Chicago, IL 60673 | Amanda Mathis CFO Phone: (615) 937-1000 Fax: (615) 937-3621 E-mail: mathisamanda@bfusa.com | Trade | Disputed | | | $234,715.59 |
| 25 Betty Rutan 6601 Irongate Square Richmond, VA 23234 | Michael R. Krol, Esq. Alexander Law Group, PLC Phone: (804) 271-1969 Fax: (804) 271-0806 E-mail: michael@alexanderlawgroupplc.com | Litigation | Contingent, Unliquidated, Disputed | | | $225,000.00 |
| 26 Kellogg & Berry, PC 5501 Backlick Road, Suite 220 Springfield, VA 22151 | Brandon Gladstone Phone: (703) 962-1829 Fax: (703) 914-1210 E-mail: bgladstone@becherkelloggberry.com | Litigation | Disputed | | | $216,666.64 |
| 27 Express Container Service Post Office Box 539 Avenel, NJ 07001 | Matt Moser Phone: (770) 968-1040 Fax: (832) 617-8605 Email: mmoser@expresscontainersvc.com | Trade | Disputed | | | $212,637.14 |
| 28 Qualawash Holdings LLC Post Office Box 534698 Atlanta, GA 30353 | Scott Harrison, CEO Phone: (813)-321-6485 Fax: (813) 221-1701 E-mail: qhl-ar@quala.us.com | Trade | Disputed | | | $198,631.03 |
| 29 Goodyear Tire & Rubber Co. Post Office Box 277808 Atlanta, GA 30384 | David E. Phillips, General Counsel Phone: (330) 796-2121 Fax: (330) 796-2222 | Trade | Disputed | | | $174,007.20 |
| 30 Garry Zeigler c/o Alexander Shunnarah Injury Attorneys, P.C. 2900 1st Avenue South Birmingham, AL 35233 | Phone: (800) 229-7989 | Litigation | Contingent, Unliquidated, Disputed | | | $150,000.00 |

Fill in this information to identify the case and this filing:

Debtor Name    Comcar Industries, Inc.

United States Bankruptcy Court for the: _____ District of Delaware
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐    *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐    *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐    *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐    *Schedule H: Codebtors (Official Form 206H)*

☐    *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐    *Amended Schedule _____*

☒    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☐    *Other document that requires a declaration _____*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 05/17/2020
MM / DD / YYYY

✖ _/s/ Andrew Hinkelman_
Signature of individual signing on behalf of debtor

Andrew Hinkelman
Printed name

Chief Restructuring Officer
Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Midwest Coast Logistics, LLC, | Case No. 20-_____ (____) |
| Debtor. | (Joint Administration Requested) |

**<u>CORPORATE OWNERSHIP STATEMENT</u>**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the undersigned authorized officer of Midwest Coast Logistics, LLC certifies that the following corporate entity directly owns 10% or more of Midwest Coast Logistics, LLC's equity interest:

| Equity Holder | Percentage of Total Equity |
|---|---|
| Midwest Coast Transport, Inc. | 100% |

<div style="border:1px solid black">

**Fill in this information to identify the case and this filing:**

Debtor Name  <u>Midwest Coast Logistics, LLC</u>

United States Bankruptcy Court for the: <u>          District of Delaware</u>
<div style="text-align:center">(State)</div>

Case number (*If known*): <u>                          </u>

</div>

<u>Official Form 202</u>

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐    *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐    *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐    *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐    *Schedule H: Codebtors (Official Form 206H)*

☐    *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐    *Amended Schedule* _____

☐    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒    *Other document that requires a declaration* <u>Statement of Corporate Ownership                                    </u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   <u>05/17/2020          </u>
<div style="margin-left:6em">MM / DD / YYYY</div>

<u>   /s/  Andrew Hinkelman                          </u>
Signature of individual signing on behalf of debtor

<u>Andrew Hinkelman                                </u>
Printed name

<u>Chief Restructuring Officer                        </u>
Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Midwest Coast Logistics, LLC, | Case No. 20-_____ (___) |
| Debtor. | (Joint Administration Requested) |

**LIST OF EQUITY SECURITY HOLDERS**

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the undersigned authorized officer of Midwest Coast Logistics, LLC hereby provides the following list of holders of equity interests:

| Name and Address of Interest Holder | Percentage and Type of Interest Held |
|---|---|
| Midwest Coast Transport, Inc. 502 East Bridgers Avenue Auburndale, Florida 33823 | 100% Membership Interests |

Fill in this information to identify the case and this filing:

Debtor Name: <u>Midwest Coast Logistics, LLC</u>

United States Bankruptcy Court for the: <u>District of Delaware</u>
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐  *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐  *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐  *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐  *Schedule H: Codebtors (Official Form 206H)*

☐  *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐  *Amended Schedule _____*

☐  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒  *Other document that requires a declaration*  <u>List of Equity Security Holders</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   <u>05/17/2020</u>
MM / DD / YYYY

<u>/s/ Andrew Hinkelman</u>
Signature of individual signing on behalf of debtor

<u>Andrew Hinkelman</u>
Printed name

<u>Chief Restructuring Officer</u>
Position or relationship to debtor

EAST\173087719.1